**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3208
_____

MICHAEL ERNEST PHILLIPS,
Appellant

v.

COUNTY OF ESSEX DEPARTMENT OF CITIZEN SERVICES;
DIVISION OF WELFARE; SNAP OFFICE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-05807)
District Judge:  Honorable Kevin McNulty

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed June 16, 2021)
_____

OPINION*
_____

PER CURIAM

　　Michael Ernest Phillips filed a complaint in the District Court against the County

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of Essex Department of Citizen Services, Division of Welfare, and SNAP Office (the "County"). He alleged that the County conspired to deny him certain public assistance benefits by falsely accusing him of having sustained a conviction for drug trafficking. He asserted claims for: (1) defamation; (2) "emotional or mental harm," in violation of 42 U.S.C. § 1981; (3) conspiracy, in violation of 18 U.S.C. § 241; (4) "deprivation of rights under color of law," in violation of 18 U.S.C. § 242; (5) conspiracy, in violation of 18 U.S.C. § 371; (6) false statements, in violation of 18 U.S.C. § 1001; (7) false representation, in violation of 18 U.S.C. § 1001; (8) mail fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1346; (9) "fraud or swindles," in violation of 18 U.S.C. § 341; (10) money laundering, in violation of 18 U.S.C. § 1956; (11) racketeering, in violation of §§ 1961, 1962, and 1964; (12) breach of contract, in violation of 48 C.F.R. § 52.233; (13) violation of the Uniform Commercial Code; (14) "breach of admiralty law"; and (15) "breach of the Constitution." Phillips sought over $30 billion in damages.

Following discovery, the County moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Phillips then filed his own motion for summary judgment, along with several subsequent pleadings that the District Court considered as part of his motion for summary judgment/opposition to the County's motion. The District Court, after considering all the parties' submissions, granted the County's motion for summary judgment, denied Phillips's cross-motion, and entered judgment in the County's favor. Phillips appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review is plenary. See Stroehmann Bakeries, Inc. v. Loc. 776, Int'l Bhd. of Teamsters,

2

969 F.2d 1436, 1440 (3d Cir. 1992). Upon review, we perceive no error in the District Court's resolution of the cross-motions. The District Court issued a thorough and well-reasoned opinion, and we need not repeat its analysis here. For substantially the reasons stated by the District Court, we agree that Phillips failed to provide evidence creating a genuine issue of fact with respect to any of his claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). To the extent that Phillips asserts on appeal that he was discriminated against on account of his religious beliefs, we agree with the County that he did not properly raise or support such claim in the District Court. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994). Accordingly, we will affirm the District Court's order granting the County's motion for summary judgment and denying Phillips's cross-motion.